# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA YEAKEL, | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-5680 |
| | : | |
| CLEVELAND STEEL CONTAINER CORP., | : | |
|     Defendant | : | |

**Memorandum**

YOHN, J.                                                                                                                   February __, 2011

      In her first amended complaint, plaintiff claims that defendant's failure to rehire her after she provided an affidavit in support of a coworker's sexual harassment suit against defendant constitutes retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq*.) and the Pennsylvania Human Relations Act ("PHRA") (43 Pa. Stat. Ann. § 951 *et seq*.). Currently before the court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim, or in the alternative a motion for summary judgment. For the reasons set forth below, I deny defendant's motion to dismiss in part, and grant in part.[1]

---

[1] When deciding a Rule 12(b)(6) motion to dismiss, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). I will not convert the motion to a motion for summary judgment as there was a substantial period of time remaining for discovery when the motion was filed. I therefore decline to consider any of the exhibits that defendant filed with the court at this time. Although two of the exhibits are plaintiff's deposition and trial

1

**I. Factual and Procedural History**[2]

Plaintiff worked for defendant as a "laborer" from 1996 to 2006 in both a full-time and part-time capacity. Plaintiff was customarily laid off at the end of each year when business at the facility was slow, and then brought back at the beginning of the new year. From 2001 to 2006, plaintiff worked with Richard Gilbert, who allegedly sexually harassed female coworkers, including plaintiff. Plaintiff claims that in 2005 Gilbert took a screwdriver and put it to her breasts "in a threatening manner" while supervisors were present. In late 2006, plaintiff cooperated in an investigation against Gilbert after a female coworker accused him of putting a box cutter against her breast. On December 29, 2006, while the investigation was pending before the Equal Employment Opportunity Commission ("EEOC"), plaintiff signed an affidavit detailing her experiences with Gilbert.[3]

---

testimony, which are public records, I may not consider the truth of the facts asserted in those transcripts. *Lum v. Bank of America*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 427 n.7 (3d Cir. 1999) ("[A] court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.")). Defendant also included a copy of what appears to be a letter from plaintiff to defendant and defendant's reply, but the letters are not undisputedly authentic, because plaintiff questions their authenticity. *See Hosley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("'Undisputed' in this context means that the authenticity of the document is not challenged." (citations omitted)). The remaining exhibits are "extraneous to the pleadings." *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1426.

I also decline to address defendant's arguments that plaintiff will not be able to prove the various factual allegations in the complaint, because that is not the proper standard when deciding a Rule 12(b)(6) motion to dismiss.

[2] The following factual recitation is based on the allegations of plaintiff's first amended complaint.

[3] Defendant alleges that it did not become aware of plaintiff's affidavit until some time after February 23, 2007. (Def.'s Mot. 13.)

2

At the end of 2006, plaintiff was laid off and was told that "she would be brought back in January 2007 when the work picked up," as was consistent with past practice.[4] Plaintiff was never called to work in January. Plaintiff alleges that other laborers were hired at that time.[5] Plaintiff contacted supervisors in the first quarter of 2007 to inquire about returning to work but was told that work was slow and that she would be called back once it picked up. Defendant placed an advertisement for workers in May 2007. Plaintiff applied but was rejected.[6]

Plaintiff filed a charge of discrimination with the EEOC on October 12, 2007, and requested that it be cross-filed with the Pennsylvania Human Rights Commission ("PHRC"). She received a right-to-sue letter on September 1, 2009. Plaintiff then filed this civil action on November 30, 2009. It was not served upon the defendant until March 26, 2010. After defendant moved to dismiss on May 10, 2010, plaintiff filed an amended complaint on June 10, 2010. I issued an order on June 14, 2010, dismissing defendant's first motion as moot. Defendant filed the instant motion on July 26, 2010.[7]

---

[4] Defendant alleges that plaintiff's last day of work was November 29, 2006, one month prior to her signing the affidavit. (Def.'s Mot. 6.)

[5] Defendant alleges that it never hired anyone for any alleged job opening in January of 2007. (Def.'s Mot. 14.)

[6] Defendant alleges that it did not hire any new employees for any jobs in May of 2007. In fact, defendant contends that it did not make any hires in 2007 at the Quakertown plant until August 27th. (Def.'s Mot. 17.)
If defendant's contentions set forth in the previous footnotes are correct, plaintiff, of course, has little chance of ultimately prevailing.

[7] Plaintiff has not sought to file a second amended complaint after reviewing defendant's contentions in the motion to dismiss or based on any discovery obtained since the filing of the motion to dismiss.

## II. Legal Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (2009).

In evaluating a motion to dismiss, "the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. The assumption of truth does not apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Rather, the complaint must contain "'enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atl. Corp.*, 550 U.S. at 556) (internal citations omitted).

## III. Discussion

In plaintiff's brief she claims that defendant's failure to rehire her from January to May 2007 after her participation in a sexual-harassment investigation constitutes retaliation under

4

Title VII[8] and the PHRA.[9] Defendant argues that failure-to-hire is a discrete act that cannot be part of a continuing act of discrimination stretching from January to May. I agree. Plaintiff's complaint therefore alleges two separate acts of retaliation: defendant's refusal to rehire her in January 2007 and its refusal to hire her in May 2007. Defendant argues that plaintiff's claim arising from defendant's failure to rehire her in January 2007 is time-barred under the PHRA. Defendant then argues that plaintiff's remaining claims fail because she did not plead sufficient facts to establish a plausible case of retaliation. I conclude that plaintiff's claim of retaliation in January 2007 is time-barred under the PHRA, but may proceed under Title VII. Plaintiff has failed, however, to establish a plausible claim of retaliation in May 2007 under either the PHRA or Title VII.

### A. PHRA Claim of Retaliation in January 2007 Is Time-Barred

Defendant argues that plaintiff's claim of retaliation for failure to hire her in January 2007 is time-barred under the PHRA. To pursue a claim under the PHRA, a claimant must first file an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. 43 Pa. Stat. Ann. § 959(h). Plaintiff requested that her EEOC charge be cross-filed with the PHRC

---

[8] Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because [the employee or applicant] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3.

[9] The PHRA also makes it impermissible for an employer "to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act." 43 Pa. Stat. Ann. § 955.

on October 12, 2007, which is more than 180 days after the alleged act. Plaintiff argues, however, that January 2007 marked the beginning of a continuing discriminatory act that lasted until May 2007 and that the cross-filing of the administrative charge on October 12, 2007, is within 180 days of May 2007. Defendant correctly counters that each alleged failure-to-rehire is a separate actionable act that cannot be combined with other such acts to form one continuing violation, and that the time for filing a charge of discrimination runs separately from each act.

A discriminatory act that falls outside the filing period is still actionable if it is part of a continuing violation along with at least one other discriminatory act that occurred within the filing period. *Allen v. Best Foods Baking Co.*, No. 02-CV-3663, 2003 U.S. Dist. LEXIS 24675, at *8-9 (E.D. Pa. Oct. 22, 2003). Discrete discriminatory acts, however, are not actionable if time-barred, even when they are related to other discriminatory acts that are alleged in timely filed charges. *AMTRAK v. Morgan*, 536 U.S. 101, 113 (U.S. 2002). "Discrete acts such as . . . refusal to hire are easy to identify" and "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id*. at 114. *See also Zankel v. Temple*, 25 Fed. App'x 196, 199 (3d Cir. 2007) (non-precedential) ("[T]he continuing violation doctrine has no applicability to '[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire' because '[e]ach incident of discrimination . . . constitutes a separate actionable unlawful employment practice.'") (quoting *Id*.)

A plaintiff must file a charge with the PHRC within 180 days of the date on which the discrete act occurred to be able to recover for it. *Id*. at 110. The failure to rehire plaintiff in January 2007 is therefore a discrete act of discrimination that cannot be combined with another

6

retaliatory act, and the time for filing a charge with the PHRC for this act began to run in January.[10] Plaintiff's charge was filed more than 180 days after January 2007 and it is thus time-barred under the PHRA.

**B. Plaintiff Has Pleaded Enough Facts to Establish a Plausible Claim of Retaliation in January 2007 under Title VII**

Defendant argues that plaintiff's complaint consists of only "threadbare allegations" reciting the necessary elements of a retaliation claim and does not provide enough facts to establish a plausible claim for failure to rehire in January 2007. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) plaintiff engaged in protected activity; (2) plaintiff suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). Although the factual allegations found in plaintiff's complaint are sparse, they are nevertheless sufficient to establish a prima facie retaliation claim.

Plaintiff's complaint sufficiently establishes that she engaged in protected activity when she participated in a coworker's Title VII sexual-harassment charge against defendant by providing an affidavit on December 29, 2006. *See* 42 U.S.C. §2000e-3(a). Plaintiff also alleges that she suffered an adverse employment action when she was not called back to work in January 2007. The Third Circuit has made it clear that the "failure to rehire can constitute an adverse

---

[10] Plaintiff states that although this may be true, whether there was a continuing violation cannot be determined at this stage because "it is impossible to tell yet what exactly Defendant did or did not do vis-a-vis her employment during the January-May 2007 time period." (Pl.'s Reply Br. in Opp'n to Def.'s Mot. 6.) Plaintiff's argument misses the point. What occurred during that time period is irrelevant because failure-to-hire is a discrete act and cannot be part of a continuing violation.

employment action." *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 320 (3d Cir. 2008). Here, plaintiff was customarily laid off at the end of the year and then brought back at the beginning of the following year. She was assured that the same would occur in January 2007. Therefore, defendant's failure to rehire her in January 2007 constitutes an adverse employment action.[11]

Plaintiff has also pleaded enough facts to establish a casual link. Temporal proximity between the plaintiff's protected activity and the adverse employment action may be sufficient to establish causation only when it is "unusually suggestive." *Farrell v. Planters Lifesavers Co.*, 206 F. 3d 271, 280 (3d Cir. 2000). Where temporal proximity is not unusually suggestive, however, plaintiff may rely on "timing plus other evidence," such as a pattern of antagonism, or provide any other circumstantial evidence from which causation can be inferred. *Id*. at 281. Plaintiff here argues that the temporal proximity between her affidavit, dated December 29, 2006, and defendant's failure to rehire her in January 2007 is unusually suggestive.

The Third Circuit has rejected any bright-line rule specifying how much time can pass between the protected activity and the allegedly retaliatory act while remaining unusually suggestive. *Morrin v. Torresdale Frankford Country Club*, No. 07-5527, 2008 U.S. Dist. LEXIS 45951, at *10-11 (E.D. Pa. June 11, 2008). Instead, the Third Circuit has opted for a "fact-based" approach and has "ruled differently on this issue . . . depending, of course, on how proximate the events actually were, and the context in which the issue came before [the court]," including the

---

[11] Defendant argues that plaintiff cannot establish that she suffered an adverse employment action because contrary to the complaint, no other laborers were hired in January 2007. Failure to rehire plaintiff is an adverse employment action regardless of whether another individual was hired or not. Whether other laborers were hired is relevant, however, to the discussion of causation, and I will address defendant's argument in that context.

procedural posture of the case. *Id*. at 279 ("There is clearly a difference between two days and nineteen months. There is also a difference between a plaintiff relying upon temporal proximity to satisfy her prima facie case for the purpose of summary judgment, and to reverse a verdict." (internal citations omitted)).

Nevertheless, courts have generally found unusually suggestive temporal proximity only where the adverse employment action occurs contemporaneously or immediately after the protected activity. *Compare Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 369 (3d Cir. 2008) (finding three-day gap is unusually suggestive), *Alexander v. Keystone Mercy Health Plan*, No. 06-5599, 2007 U.S. Dist. LEXIS 41219, at *14-15 (E.D. Pa. June 5, 2007) (finding that "[v]iewed in the light most favorable to the plaintiff" two-week gap is "sufficient to satisfy the 'causal connection'"), *and Zustowicz v. City of Phila.*, No. 02-2054, 2003 U.S. Dist. LEXIS 5621, at *22 (E.D. Pa. Mar. 27, 2003) (finding one-day gap "is sufficient to establish the causal link necessary for Plaintiff's prima facie case of retaliation"), *with Williams v. Phila. Hous. Auth. Police Dep't,* 380 F.3d 751, 760 (3d Cir. 2004) (finding that two months was not unusually suggestive), *and Carmody v. Pa. State Univ.*, No. 4:05-CV-1645, 2007 U.S. Dist. LEXIS 26064, at *25 (M.D. Pa. Apr. 9, 2007) ("All the evidence we have here is temporal proximity, and a one month gap . . . does not create "unusually suggestive facts."). Where timing is close, but not unusually suggestive, courts look for other circumstantial evidence to support a finding of causation. *See, e.g.*, *Kellerman v. UPMC St. Margaret*, 317 F. App'x 290, 293 (3d Cir. 2009) ("We agree that the timing of his termination combined with evidence of a pretextual explanation for his termination is sufficient to establish a *prima facie* case of retaliatory dismissal."); *Fasold v. Justice*, 409 F.3d 178, 189-190 (3d Cir. 2005) (concluding temporal proximity of almost three

9

months is suggestive of causation, and is sufficient when coupled with defendant's admitted irritation with plaintiff for engaging in protected activity); *Farrell*, 206 F. 3d at 280 (finding that record as a whole, including suggestive timing of three- to four-week gap, establishes an inference of causation).

Plaintiff does not provide an exact date on which the failure to rehire occurred, so temporal proximity cannot be precisely measured. She gave an affidavit on December 29, 2006, and was not called back to work in January 2007. Depending on when in January defendant chose not to rehire plaintiff, the gap in time could have been anywhere from three days to four weeks. Although the adverse action occurred soon after plaintiff gave her affidavit and is suggestive, it is not clear in the amended complaint that the temporal proximity is unusually suggestive. But plaintiff also alleges that defendant hired other laborers despite assuring plaintiff that she would be called back if work resumed. And when she called to inquire about returning to work, she was told that she was not rehired because work remained slow. This evidence of a pretextual explanation for refusing to rehire plaintiff, coupled with suggestive timing, is sufficient to establish causation. *See Kellerman*, 317 F. App'x at 293.

Defendant argues, however, that plaintiff did not establish that other laborers were hired, because plaintiff failed to provide "specific facts," such as the names of the employees hired in January and the date on which they were hired. Defendant claims that no employees were hired in January and that plaintiff cannot support her conclusory allegation. But plaintiffs are not required to provide facts in their complaint with the specificity that defendant demands.[12] A

---

[12] Plaintiffs are not expected to possess all of the facts before engaging in discovery. These specific facts are within defendant's scope of knowledge, and therefore, in response to defendant's alternative motion for summary judgment, plaintiff's counsel included an affidavit

10

complaint does not need to include "detailed factual allegations," but must allege more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949. Plaintiff's allegation that other laborers were hired is not a legal conclusion merely couched as a threadbare factual allegation, but a factual allegation that must be accepted as true. *See id*. at 1951 (finding allegation that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement was a legal conclusion, but allegation that "the [FBI], under the direction of Defendant Mueller, arrested and detained thousands of Arab Muslim men … as part of its investigation of the events of September 11" is factual and must be accepted as true); *see also Truong v. Dart Container Corp.*, No. 09-3348, 2010 U.S. Dist. LEXIS 114286, at *8-9 (E.D. Pa. Oct. 26. 2010) (concluding that plaintiffs' assertions that defendant "'discriminated against the plaintiffs and treated them differently'" because of their Vietnamese nationality were conclusory allegations restating the elements of a prima facie case of discrimination); *Adams v. Lafayette Coll.*, No. 09-3008, 2009 U.S. Dist. LEXIS 78537, at *8-10 (Sept. 1, 2009) (concluding that plaintiff's assertions that he was treated differently than younger employees, without factual description, was a poorly disguised attempt to plead the necessary elements of a discrimination claim).

When taken as true, plaintiff's factual allegations support a plausible claim of causation. Defendant argues, however, that plaintiff failed to sufficiently plead that defendant knew of the protected activity when it chose not to rehire plaintiff in January, and therefore has not established causation. Defendant claims that it did not know of plaintiff's affidavit until it was

---

pursuant to Fed. R. Civ. P. 56(d) to retrieve these facts during discovery.

notified in a letter dated February 23, 2007, which was received in correspondence relating to her coworker's sexual-harassment suit. Indeed, plaintiff must demonstrate that defendant knew of her protected activity to establish causation. *Bazargani v. Haverford State Hosp.*, 90 F. Supp. 2d 643, 654 (E.D. Pa. 2000) (granting summary judgment), *aff'd*, 33 F. App'x 647 (3d Cir. 2002)). Plaintiff's bald assertion that defendant knew of her affidavit, without any other facts to establish how or when it was known, may be a conclusory statement, and, if so, is not accepted as true. *See Iqbal*, 129 S. Ct. at 1951 (finding allegation that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement was legal conclusion). But while establishing defendant's knowledge of the protected activity will be necessary for plaintiff to ultimately prevail in her retaliation claim, it is not required to survive a motion to dismiss. Plaintiff's complaint contains circumstantial evidence of timing and pretext from which causation can be inferred, which is "'enough factual matter (taken as true) to suggest' the required element"of causation. *Phillips*, 515 F.3d at 234 (quoting *Bell Atl. Corp.*, 550 U.S. at 556).

Plaintiff has thus alleged sufficient factual matter to state a plausible claim of retaliation for defendant's failure to rehire her in January 2007.

### C. Plaintiff Has Not Pleaded Enough Facts to Establish a Plausible Claim of Retaliation in May 2007 under Title VII or PHRA

Plaintiff has not sufficiently pleaded that she suffered an adverse employment action in May 2007 or that any causal link exists between her participation in an EEOC investigation in December 2006 and any alleged discriminatory act in May 2007. Plaintiff has therefore failed to establish a prima facie case of retaliation for failure to rehire her in May 2007 under both PHRA

and Title VII.[13]

Plaintiff engaged in protected activity by providing an affidavit in an EEOC investigation of a coworker's sexual harassment charge. Plaintiff alleges that she suffered an adverse employment action in May 2007 when defendant rejected her application, which she submitted in response to defendant's advertisement for workers. Defendant argues that plaintiff failed to specify in her complaint which job she applied for and whether she was qualified for that position. Failure-to-hire is an adverse employment action only if plaintiff was qualified for the job when she applied. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff must plead that she was minimally qualified for the position in her complaint. *Gaston v. USPS*, 319 F. App'x 155, 159 (3d Cir. 2009) (finding plaintiff's complaint does not contain allegation supporting requirement of adverse action, because complaint does not allege that he was qualified for the positions for which he applied) (non-precedential). If plaintiff applied for work as a laborer, she presumably would have been qualified because that was the same position she held for ten years. But plaintiff only alleges that the advertisement was for "workers" and does not specify in her amended complaint or response to defendant's motion whether laborers were among the workers sought.[14] She failed to specifically allege that she was qualified for the job for

---

[13] "[T]he PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently." *Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005). Because there is no such difference in language and the prima facie case for retaliation is the same under both the PHRA and Title VII, I will analyze plaintiff's PHRA and Title VII claims using the same standards. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997)

[14] Plaintiff uses the term "laborer" in her amended complaint as a job title, not as a term synonymous with "worker." Plaintiff specifically alleges in her amended complaint that she worked "as a laborer" and that "other laborers were hired" in January 2007. But as to the May 2007 advertisement, plaintiff alleges defendant was seeking "workers." As defendant explains,

which she applied in May 2007 or provide sufficient factual allegations to support such an inference. Plaintiff has therefore failed to make a showing that she suffered an adverse employment action when her application was rejected in May 2007.

Even if plaintiff did suffer an adverse employment action, she has not established a facial plausibility of causation. Courts deciding causation tend to focus on evidence of "(i) the temporal proximity between the protected activity and the alleged discrimination, and (ii) the existence of a pattern of antagonism in the intervening period." *Alexander*, 2007 U.S. Dist. LEXIS 41219, at *13. Here, there is no evidence of suggestive timing because by May 2007, almost five months had passed since she provided her affidavit. *See, e.g.*, *Bailey v. Commerce Nat'l Ins. Servs.*, 267 F. App'x 167, 170 (3d Cir. 2008) ("The fact that Bailey's termination occurred after she made her internal complaint is not sufficient to infer a causal link, as the elapsed period of four months between her protected activity and termination is not unusually suggestive of retaliatory motive.") There are also no factual allegations in plaintiff's complaint demonstrating a pattern of antagonism by defendant against plaintiff in the period before she submitted her application in May. Instead, plaintiff concedes in her opposition brief that "it is impossible to tell yet what exactly Defendant did or did not do vis-a-vis her employment during the January-May 2007 time period." (Pl.'s Reply Br. in Opp'n to Def.'s Mot. 6.)

Where there is neither temporal proximity nor a pattern of antagonism, a plaintiff may still establish causation by demonstrating that the record as a whole raises an inference of causation. *Farrell*, 206 F.3d at 281 ("[Causation] is not limited to timing and demonstrative

---

"there is no way . . . to know whether the alleged job opening in May 2007 was for a welder, a mechanic, a *general laborer*, or some other position." (Def.'s Mot. 16.) (emphasis added).

proof, such as actual antagonistic conduct or animus. Rather, it can be other evidence gleaned from the record as a whole from which causation can be inferred.") But plaintiff makes no factual allegations regarding the circumstances surrounding the May 2007 rejection of her application from which causation can be inferred. Plaintiff's complaint only alleges that "[n]otwithstanding Defendant's assertions that work was slow, Defendant placed an advertisement for workers in or about May 2007. Plaintiff applied for the job, but was rejected." Plaintiff does not allege, for example, that other laborers were hired in May 2007 or that defendant's reasons for rejecting her application were otherwise pretextual. Plaintiff has not demonstrated that any causal link exists or even "raise[d] a reasonable expectation that discovery will reveal evidence of" causation. *Bell Atl. Corp.*, 550 U.S. at 556.

Plaintiff therefore fails to establish a prima facie case of retaliation in May 2007 under both the PHRA and Title VII.

## IV. Conclusion

Plaintiff's complaint alleges two acts of retaliation: the failure to rehire her in January 2007, and the failure to rehire her in May 2007. Plaintiff's January claim is time-barred under the PHRA, but plaintiff has pleaded enough facts to proceed with this claim under Title VII. Plaintiff has failed, however, to plead sufficient facts to support a prima facie claim of retaliation for defendant's failure to hire her in May 2007. I therefore deny the defendant's motion to dismiss in part, and grant in part.